```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BARBARA MC MILLIN,

                      Plaintiff,           07-CV-6450T

          v.                                DECISION
                                            and ORDER
UNITED AIRLINES,

                      Defendant.
_____
```

## INTRODUCTION

Plaintiff Barbara McMillin, ("McMillin"), proceeding pro se,[1] brings this action pursuant to the Americans with Disabilities Act ("ADA") claiming that defendant United Airlines ("United") unlawfully discriminated against her on the basis of a disability. Specifically, plaintiff, who is a former employee of the defendant, alleges that she suffers from Raynaud's Syndrome, and that the defendant has failed to rehire her because of her condition.

Defendant denies plaintiff's claims, and moves to dismiss plaintiff's Complaint on grounds that the Complaint is untimely under the Statute of Limitations; that her claims are barred under

---

[1] Although plaintiff purports to be proceeding pro se, she was previously represented by counsel in her action Chille v. United Airlines, 00-CV-6571(L) before the Honorable David G. Larimer of this Court.  The court notes that while plaintiff has submitted several handwritten pleadings to the court, her Amended Memorandum of Law in Opposition to Defendant's Motion to Dismiss is typewritten, contains extensive legal citation and analysis, and is written in the third-person, (with the exception of a handwritten note on the bottom of page three, which purports to correct a typo in the original Memorandum of Law in Opposition). The Amended Memorandum appears to have been prepared by a person with legal training, or by a lawyer.

the doctrine of res judicata, and that her claims are barred as a result of United Airlines' previous entrance into bankruptcy proceedings

For the reasons set forth below, I find that plaintiff's allegations fail to state a claim of discrimination or retaliation, and that her discrimination claims are time-barred. Accordingly, I grant defendant's motion to dismiss plaintiff's Complaint.

## BACKGROUND

Plaintiff Barbara McMillin worked for defendant United Airlines from 1997 to 2000. In March 2000, while still employed by United, plaintiff accepted a position as a flight attendant with American Airlines, and provided United with a letter notifying United that she was resigning from the company, and that she intended to use her two-weeks of unused vacation immediately in lieu of working her final two weeks.[2] Plaintiff immediately began her employment with American Airlines, but decided that she didn't like it, and attempted to return to United, claiming that she had not resigned, but instead, had just used vacation time. Defendant informed her that her employment had been terminated as a result of her resignation.

---

[2] In plaintiff's previous litigation before this court, Chille v. United Airlines, 00-CV-6571(L) during which she was represented by counsel, plaintiff initially denied writing the resignation letter, but retracted that allegation in her Amended Complaint. In this action, plaintiff has not denied writing the resignation letter.

Thereafter, plaintiff, (who used a different last name at that time) brought the case <u>Chille v. United Airlines</u>, 00-CV-6571(L), before the Honorable David G. Larimer of this Court. In that case, plaintiff alleged that United had failed to accommodate her alleged disability. Although plaintiff sought reinstatement with United, she acknowledged in her Amended Complaint that she had been placed on a "do not hire" list as a result of her previous employment history with United. <u>Chille v. United Airlines</u> was dismissed by Judge Larimer on August 8, 2006 on grounds that plaintiff's claims were barred by defendant's bankruptcy proceedings because plaintiff had failed to file any notice of claim against United with the Bankruptcy Court. Judge Larimer's Decision and Order was affirmed by the Second Circuit Court of Appeals on August 9, 2007.

On January 16, 2007, plaintiff filed a new charge of discrimination with the New York State Division of Human Rights, claiming that United discriminated against her by failing to rehire her, and retaliated against her for filing charges of discrimination against United in 2000. Specifically, plaintiff alleged in her administrative complaint that in 2006, she had applied for several jobs with United, but that she was not hired. The United States Equal Employment Opportunity Commission dismissed plaintiffs complaint, and on September 17, 2007, plaintiff filed the instant action claiming that United discriminated against her on the basis of her disability, and retaliated against her for

previously complaining of discrimination. In her federal Complaint, plaintiff also alleges that she was asked "inappropriate" questions about her disability by a representative of United in May 2007, in connection with an application for employment.

## DISCUSSION

I. Legal Standards for evaluating a Motion to Dismiss

Defendant moves to dismiss plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure an claiming that plaintiff's claims are untimely, (and therefore this court lacks jurisdiction over them) and that she has failed to state a claim upon which relief can be granted. When evaluating a Rule 12(b)(6) motion, the court must ascertain, after presuming all factual allegations in the pleading to be true and viewing them in the light most favorable to the plaintiff, whether or not the plaintiff has stated any valid ground for relief. Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993), cert. denied 513 U.S. 1014 (1994). The court may grant a Rule 12(b)(6) motion only where "`it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "This rule applies with particular force where the plaintiff alleges civil

rights violations or where the complaint is submitted *pro se*." Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998).

## II. Plaintiff has Failed to Establish a Prima Facie Case of Disability Discrimination

Plaintiff alleges that she was not rehired by United in 2006 or 2007 because United discriminated against her on the basis of her disability, and retaliated against her for her previously filing claims of discrimination. To state a prima facie case of discrimination under the ADA, a plaintiff must demonstrate that (1) she is a handicapped person within the meaning of the ADA; (2) she is otherwise qualified to perform the duties of her former job; (3) adverse employment action was taken against her because of her handicap; and (4) that her employer is subject to the anti-discrimination provisions of the ADA. See Joyce v. Suffolk County, 911 F.Supp. 92, 94 (E.D.N.Y. 1996) (citations omitted). Once a plaintiff has stated a prima facie case of discrimination, the defendant must proffer a legitimate, non-discriminatory reason for taking the alleged adverse action against the plaintiff. If the defendant satisfies this requirement, the burden then shifts back to the plaintiff to rebut defendant's proffered reason by demonstrating that the defendant's explanation is either pretextual or not worthy of credence. See Tomka v Seiler, 66 F.3d 1295, 1308 (2nd Cir. 1995).

In the instant case, I find that the plaintiff has failed to establish that she was subjected to an adverse employment action because of her disability, and therefore, has failed to state a prima facie case of discrimination.

Assuming arguendo that plaintiff suffers from a disability under the ADA, and is qualified to perform the functions of the jobs she sought, plaintiff has failed to establish that she was not rehired because of discrimination against her. It is undisputed that plaintiff was ineligible for rehire with United by virtue of her 2000 resignation. While plaintiff may dispute whether or not she resigned or intended to resign, the uncontroverted facts indicate that in March 2000, plaintiff was placed on a list of former employees who were ineligible for re-employment. Because plaintiff was not eligible for re-employment with United, she cannot, as a matter of law, establish that she was discriminated against on the basis of a disability when United refused to rehire her. See e.g. Raytheon Co. v. Hernandez, 540 U.S. 44, 53 (2003)(neutral non-rehire policy constitutes a legitimate, nondiscriminatory reason for not rehiring a former employee). Accordingly, I find that plaintiff has failed to state a claim for failure to rehire upon which relief can be granted.

With respect to plaintiff's allegation in the Complaint that a representative of United asked her inappropriate questions in an interview, I find that plaintiff has failed to exhaust that claim.

Plaintiff filed her administrative charge of discrimination in January, 2007, and the charge was dismissed on June 29, 2007. The allegedly inappropriate questions were asked in May, 2007, during the pendency of plaintiff's administrative proceedings. Plaintiff, however, did not raise this claim before the EEOC, and accordingly, she has failed to exhaust her administrative remedies with respect to this claim. Moreover, under the ADA, an employer may ask questions regarding "the ability of an employee to perform job-related functions" 42 U.S.C. 12112(d)(4).

### III. Plaintiff's Claims are Time-Barred

Even if McMillan could state a prima facie case of discrimination, her discrimination claims are time-barred. Plaintiff acknowledges that in March 2000, she was placed on a list of former United Airlines employees who are not eligible for rehire, but contends that she should not have been placed on that list, or that she should be removed from the list. This claim, however, is time-barred. The ADA, like Title VII of the Civil Rights Act of 1964, provides that claims of discrimination must be brought within 300 days of the date on which the alleged discrimination occurred. 42 U.S.C. 12117(a)(adopting Title VII time limits for claims made under the ADA). Thus, under the ADA, courts do not have jurisdiction over claims of discrimination which occurred more than 300 days prior to the date on which an

administrative charge of discrimination was filed. See National Railroad Passenger Corporation v. Morgan, 536 U.S. 101, 108 (2002)(reaffirming that "strict" adherence to the 300 day time limit is the "best guarantee of evenhanded administration of the law.")

In the instant case, the act of placing plaintiff on the "do not hire" list qualified as an adverse employment action. See Wiley v. Glassman, 511 F.3d 151, 157 (D.C. Cir., 2007)(actions which may have "materially adverse consequences affecting ... future employment opportunities" may properly be considered adverse employment actions)(quoting Forkkio v. Powell, 306 F.3d 1127, 1131 (D.C. Cir., 2002); Vernon v. Port Authority of New York and New Jersey, 154 F.Supp.2d 844, 855 (S.D.N.Y., 2001)(act resulting in potential inability to secure future employment an "adverse act" under Title VII). As stated above, plaintiff was placed on the "do not hire" list in March, 2000, (more than six years before she filed her charge of discrimination with the EEOC) and the record reveals that in 2000, she was aware of the fact. Because plaintiff was aware that she was ineligible for rehire in 2000, her claims made in 2007 that she should not be ineligible for future employment with United is time-barred. Nor can plaintiff revive this claim by alleging that she applied for and was denied employment within the 300-day period predating her 2007 administrative charge of discrimination. Plaintiff was not rehired

when she applied for employment in 2006 and 2007 because she was barred from re-employment with United Airlines by virtue of her past employment history with the company. Because the act of barring plaintiff's future employment with United occurred well outside the statutory time-limits governing plaintiff's 2007 administrative charge, United's application of the non-rehire policy, which did occur within the statutory time-limits, can not form the basis of a discrete act of discrimination upon which plaintiff may proceed. See Ledbetter v. Goodyear Tire and Rubber Co., ___ U.S. ___ 127 S.Ct. 2162, 2167-68 (2007)(allegedly discriminatory act which resulted in pay disparity not actionable where act occurred outside statutory time-limit despite fact that pay disparity continued and occurred within statutory time-limit). See also, United Air Lines, Inc. v. Evans, 431 U.S. 553 (1977)(holding that "A discriminatory act which is not made the basis for a timely charge ... is merely an unfortunate event in history which has no present legal consequences.") Rather, the application of the non-rehire policy was a continuation of the original determination that plaintiff was not eligible for re-employment.  Accordingly, I find that plaintiff's claims of discrimination are time barred.

For the reason set forth above, I also find that plaintiff's claims of retaliation are barred.  Because plaintiff is not eligible to be rehired by United Airlines, she can not, as a matter

of law, establish that United's refusal to rehire her was the result of retaliation.

## CONCLUSION

For the reasons set forth above, I grant defendant's motion to dismiss, and dismiss plaintiff's claims with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca<br>
Michael A. Telesca<br>
United States District Judge

DATED:   Rochester, New York
         April 11, 2008